UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KELBY KLOSTERMAN, | ) | CIV. 12-5001-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | SCHEDULING ORDER |
| | ) | |
| LARRY REINHOLD and | ) | |
| VICTORY RESOURCES, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

Counsel for the parties held a planning meeting in compliance with Fed. R. Civ. P. 26(f) and submitted a report. Now, therefore,

IT IS ORDERED THAT:

1. The Local Civil Rules of Practice of the United States District Court for the District of South Dakota ("Local Civil Rules") apply to this case where not inconsistent with the Federal Rules of Civil Procedure. Counsel are expected to read the Local Civil Rules and be mindful of the underlying purpose of the Federal Rules of Civil Procedure, as set forth in Rule 1 of those Rules, "to secure the just, speedy, and inexpensive determination of every action and proceeding."

2. All prediscovery disclosures required by Rule 26(a)(1) shall be exchanged by the parties, but not filed with the court, on or before **May 4, 2012**.

3. The parties shall have until **September 17, 2012**, to move to join additional parties and to amend the pleadings.

4. All discovery, including expert discovery, shall be commenced in time to be completed by **October 29, 2012**.  A maximum of thirty (30) interrogatories by each party shall be allowed, and responses thereto shall be due thirty (30) days after service.  Discovery responses must be supplemented within thirty (30) days as additional information becomes available.  Any evidence responsive to a discovery request which has not been disclosed on or before that date, except for good cause shown, shall be excluded from evidence at trial.  Disputes with regard to discovery shall be called immediately to the court's attention by the making of an appropriate motion and shall not be relied upon by any party as a justification for not adhering to this pretrial schedule.

5. Motions to compel discovery shall be filed no later than fourteen (14) days after the failure of the good faith efforts of the parties to resolve the dispute under D.S.D. LR 37.1.

6. There will be a maximum of ten (10) depositions for each party, excluding depositions of experts.

7. The identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiff by **July 23, 2012**, and from defendants by **September 21, 2012**; any supplementations thereto under Rule 26(e) shall be due thirty (30) days prior to trial. Any expert not so designated will not be permitted to testify at trial. Disclosures and reports under Rule 26(a)(2) are not filed with the Clerk.

8. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Fed. R. Civ. P. 26(a)(2)(B), the report shall contain:

    a. a complete statement of all opinions the witness will express and the basis and reasons for them;

    b. the facts or data considered by the witness in forming them;

    c. any exhibits that will be used to summarize or support them;

    d. the witness's qualifications, including a list of all publications authored in the previous 10 years.

    e. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  f.  a statement of the compensation to be paid for the study and testimony in the case.

9. All motions, other than motions *in limine*, together with supporting briefs, shall be filed and served on or before **November 16, 2012**. Opposing parties shall file and serve answering materials and briefs within twenty-one (21) days. Reply briefs shall be filed and served within fourteen (14) days.

10. The parties shall promptly contact a magistrate judge so that the possibility of settlement discussion with the assistance of a magistrate judge can be pursued.

11. The schedule herein will be modified by the court only upon formal motion and upon a showing of good cause.

Dated May 15, 2012.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        UNITED STATES DISTRICT JUDGE